**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO,**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER NELSON<br>738 Fairway Drive, #13<br>Wauseon, Ohio 43567, | ) <br> ) <br> ) | Case No. _____ <br><br> |
| Plaintiff, | ) <br> ) | Judge _____ <br> |
| vs. | ) <br> ) | **COMPLAINT** <br> |
| WILLIAM BLUETHMANN<br>4542 Covered Bridge Road<br>Bloomfield Hills, MI 48301, | ) <br> ) <br> ) <br> ) | **JURY DEMAND ENDORSED**<br>**HEREON** <br> |
| and | ) <br> ) | Charles M. Boss (0011436) <br> |
| KROFF, INC., AND WHOLLY OWNED<br>SUBSIDIARIES<br>C/O CT CORPORATION SYSTEM<br>1300 East Ninth Street<br>Cleveland, OH 44114, | ) <br> ) <br> ) <br> ) <br> ) | Mark F. Vitou (0006661)<br>Boss & Vitou Co., L.P.A.<br>111 W. Dudley Street<br>Maumee, OH 43537<br>PH:  (419) 893-5555 |
| and | ) <br> ) | Fax: (419) 893-2797<br>Email:  cboss@bossvitou.com |
| KROFF CHEMICAL COMPANY, INC.<br>One North Shore Center, Suite 450<br>12 Federal Street<br>Pittsburgh, PA 15212, | ) <br> ) <br> ) <br> ) <br> ) |        mvitou@bossvitou.com<br>Attorneys for Plaintiff <br><br> |
| Defendants. | ) | |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

Now comes Plaintiff Christopher Nelson, by and through his attorneys, and for his complaint in this matter alleges and avers as follows:

**Jurisdiction and Parties**

1.     The claims asserted in this complaint arise out of a motor vehicle collision (hereafter, "the collision") that occurred on or about September 22, 2016, at or near the intersection of State Route 19 and County Road 197 (hereafter, "the intersection") in Green Creek Township, Sandusky County, Ohio.

1

2. Now, at the time of the collision and at all other times pertinent to the claims and allegations of this complaint, Plaintiff Christopher Nelson is, was and remains a resident of the City of Wauseon, Fulton County, Ohio.

3. Now, at the time of the collision and at all other times pertinent to the claims and allegations of this complaint, Defendant William Bluethmann (hereinafter "Bluethmann") is, was and remains a resident of Bloomfield Hills, Michigan.

4. Now, at the time of the collision and at all other times pertinent to the claims and allegations of this complaint, Defendant Kroff, Inc., and Wholly Owned Subsidiaries (hereinafter, "Kroff") and Defendant Kroff Chemical Company, Inc., (hereinafter, "Kroff Chemical") are, were and remain Pennsylvania corporations with their principal places of business located in the State of Pennsylvania.

5. The amount in controversy in the action brought herein exceeds $75,000.00, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1332(a)(1), this honorable Court has jurisdiction in this matter as the amount in controversy as to the claims asserted herein exceeds $75,000.00, exclusive interest and costs, and the parties are completely diverse.

**First Count**

**Claim for Personal Injuries – First Prayer for Relief**

7. The preceding paragraphs of this complaint are hereby restated and re-alleged as if fully written herein.

8. In the event and to the extent that any of the claims, allegations and prayers asserted in this count or any other part of this complaint are determined to be mutually exclusive and/or inconsistent, they shall be regarded as having been pled in the alternative.

9.      The collision occurred when the vehicle that Plaintiff Christopher Nelson was occupying (hereinafter, "the ambulance") was struck within the intersection by a motor vehicle (hereafter, "the Bluethmann vehicle") operated by Defendant Bluethmann.

10.     At the time of the collision, the ambulance was proceeding in a lawful manner in a southerly direction on State Route 19, and had the right of way within the intersection; and the Bluethmann vehicle was traveling in a westerly direction on County Road 197 with its access to the intersection controlled by a stop sign.

11.     At the time of the collision and all other times pertinent to the claims and allegations of this amended complaint, Defendant Bluethmann was an employee of Defendant Kroff and/or Defendant Kroff Chemical, and was acting in the scope and course of said employment.

12.     The collision was the direct and proximate result of the negligent and/or reckless and/or willful and/or wanton acts and omissions (hereinafter, "wrongful conduct") of Defendants Bluethmann, Kroff and Kroff Chemical.

13.     Defendant Bluethmann's wrongful conduct, as alleged and described above, includes, but is not necessarily limited to: his failure to stop the Bluethmann vehicle at the County Road 197 stop sign before entering the intersection in violation of Ohio Revised Code §4511.43(A); his consequent failure to yield the right of way within the intersection to the ambulance; his operation of the Bluethmann vehicle in an impaired state due to his ingestion of intoxicating substances; and his operation of the Bluethmann vehicle while distracted by an electronic device.

14.     Defendant Kroff and Defendant Kroff Chemical's wrongful conduct includes, but is not necessarily limited to, their hiring, training and supervision of Defendant Bluethmann.

15.     In addition to the wrongful conduct alleged and described in the preceding paragraph, and owing to the above described employer-employee relationship between them, Defendant Kroff

3

and/or Defendant Kroff Chemical are vicariously liable for Defendant Bluethmann's previously alleged and described wrongful conduct.

16. As the direct and proximate result of the Defendants' wrongful conduct and the collision, all as set forth above, Plaintiff Christopher Nelson has sustained injuries to his person which include, but are not necessarily limited to, multiple contusions, bruises, abrasions and lacerations of his head, face and body; nasal bone and maxillary sinus fractures; right frontal and parietal scalp hematomas; concussion; closed head injury; traumatic brain injury; and post-traumatic stress disorder.

17. The injuries referenced and described in the preceding paragraph are serious, permanent and disabling; and have directly and proximately caused Plaintiff Christopher Nelson to experience great pain, suffering and emotional distress.

18. As the direct and proximate result of the Defendants' wrongful conduct, the collision and the injuries he sustained thereby, all as set forth above, Plaintiff Christopher Nelson has been and will continue to be required to submit to medical, surgical, psychological and hospital care, therapy and treatment, all at a cost to him in an amount which, despite the exercise of reasonable diligence, cannot be ascertained at this time but which equals or exceeds $48,471.63.

19. As the direct and proximate result of the Defendants' wrongful conduct, the collision and the injuries he sustained thereby, all as set forth above, Plaintiff Christopher Nelson has been and will continue to be required to absent himself from his usual employment, all at a cost to him in an amount which, despite the exercise of reasonable diligence, cannot be ascertained at this time but which equals or exceeds $10,000.00.

20. As the direct and proximate result of, the Defendants' wrongful conduct, the collision and the injuries he sustained thereby, all as set forth above, personal property belonging to Plaintiff Christopher Nelson was damaged and/or destroyed, all at a cost to him in an amount which,

despite the exercise of reasonable diligence, cannot be ascertained at this time but which equals or exceeds $100.00.

**WHEREFORE**, Plaintiff Christopher Nelson, prays for judgment for himself and against Defendants Bluethmann, Kroff and Kroff Chemical, both jointly and severally, in an amount of money in excess of $75,000.00 and sufficient to compensate the him for the injuries and damages as set forth in this first count of this complaint, together with the costs of this action, interest on any judgment rendered against any Defendant as prayed for herein at the maximum rate permitted by law and accruing from September 22, 2016, and for such other relief as he may be entitled.

<u>**Second Count**</u>

**Claim for Punitive and/or Exemplary Damages – Second Claim for Relief**

21. The preceding paragraphs of this complaint are hereby restated and re-alleged as if fully written herein.

22. The wrongful conduct of Defendant Bluethmann, Defendant Kroff and Defendant Kroff Chemical, all as set forth above, was outrageous, and/or malicious, and/or intentional and/or unconscionable, and in contravention of all social and legal duties.

**WHEREFORE**, Plaintiff Christopher Nelson prays for judgment for himself and against Defendants Bluethmann, Kroff and Kroff Chemical, both jointly and severally, in an amount of money in excess of $75,000.00 in punitive and/or exemplary damages for their outrageous, and/or malicious, and/or intentional and/or unconscionable conduct in contravention of all social and legal duties as set forth in this second count of this complaint, together with the costs of this action, interest on any judgment rendered against any Defendant as prayed for herein at the maximum rate permitted by law and accruing from September 22, 2016, and for such other relief as he may be entitled.

Respectfully submitted,

BOSS & VITOU CO., L.P.A.


By: /s/ Charles M. Boss
     Charles M. Boss
     Attorney for Plaintiff


By: /s/ Mark F. Vitou
     Mark F. Vitou
     Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

BOSS & VITOU CO., L.P.A.


By: /s/ Charles M. Boss
     Charles M. Boss
     Attorney for Plaintiff


By: /s/ Mark F. Vitou
     Mark F. Vitou
     Attorney for Plaintiff